**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE WATSON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 12-cv-8578 |
| | Judge Robert W. Gettleman |
| v. | Magistrate Judge Sidney I. Schenkier |
| WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE, | |
| Defendants. | |

**MEMORANDUM OF WELLS FARGO BANK, N.A. IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Kenneth E. Rechtoris
Bar No. 6190285
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602

Irene C. Freidel
N.D. Ill. Bar No. 559051
Jennifer J. Nagle
(*pro hac vice to be filed*)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111

*Counsel for Wells Fargo Bank, N.A. and
Wells Fargo Home Mortgage*

November 20, 2012

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

II. BACKGROUND ........ 2

A. Summary of the Complaint ........ 2

B. Wells Fargo's Tender Of Full Relief ........ 3

III. ARGUMENT ........ 4

A. Plaintiff's Claims Are Mooted By Wells Fargo's Tender Of Full Relief And Thus This Court Lacks Subject Matter Jurisdiction ........ 4

B. The Complaint Fails To State Claims Upon Which Relief May Be Granted ........ 5

1. Plaintiff's Misrepresentation Claims Fail. ........ 5

*(a)* *Plaintiff Has Failed To State A Claim For Fraudulent/Intentional Misrepresentation* ........ 5

*(b)* *Plaintiff Has Failed To State A Claim For Negligent Misrepresentation* ........ 8

(i) Plaintiff has failed to allege that Wells Fargo owed a duty. ........ 8

(ii) The economic loss doctrine bars the claim. ........ 9

*(c)* *Plaintiff Has Failed To State A Claim For Unjust Enrichment* ........ 10

*(d)* *Plaintiff Has Failed To State A Claim For Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act* ........ 10

*(e)* *Plaintiff Has Failed To State A Claim For Violation of the Residential Mortgage License Act of 1987* ........ 11

2. Plaintiff's Unpaid Interest Claims Fail. ........ 13

*(a)* *Plaintiff Has Failed To State A Claim For Breach Of Her Mortgage Contract* ........ 13

*(b)* *Plaintiff Has Failed to State A Claim For Unjust Enrichment* ........ 14

IV. CONCLUSION ........ 15

# TABLE OF CASES

**Page**

## Federal Cases

*American United Logistics, Inc. v. Catellus Development Corp.*, 319 F.3d 921 (7th Cir. 2003)……………………………………………………………………………9

*Armbrister v. Pushpin Holdings, LLC*, 2012 WL 4097219 (N.D .Ill. Sept. 17, 2012)……......11

*Arriaga v. Wells Fargo Bank, N.A.*, 2011 WL 4738522 (N.D. Ill. Sept. 30, 2011)…………….6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………………………..5, 6, 7

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)………………………………………………..........5

*Boim v. Quranic Literacy Institute*, 340 F. Supp. 2d 885 (N.D. Ill. 2004)……………………13

*Borsellino v. Goldman-Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007)……………………6, 7

*Breneisen v. Motorola, Inc.*, 656 F.3d 701 (7th Cir. 2011)……………………………………..3

*Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011)………………………………........10

*Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)…………………………………1, 4

*Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, --- F. Supp. 2d ----, 2010 WL 2403031 (N.D. Ill. June 14, 2010)……………………….……9

*G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929 (N.D. Ill. 2009)………………………..........11

*Goren v. New Vision Int'l, Inc.*, 156 F.3d 721 (7th Cir. 1998)………………………………..6

*Graczyk v. West Pub. Corp.*, 2009 WL 5210846 (N.D .Ill. Dec. 23, 2009)………………...10, 14

*Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392 (7th Cir. 2011)……………………..11

*Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir. 1999)……………………………………...4

*Hernandez v. Peoplescout, Inc.*, 2012 WL 3069495 (N.D. Ill. 2012)……………………......4, 5

*Holstein v. City of Chi.*, 29 F.3d 1145 (7th Cir. 1994) …………………………………………4

*Ibarolla v. Nutrex Research, Inc.*, 2012 WL 5381236 (N.D. Ill. Oct. 31, 2012)………………11

*Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466 (7th Cir. 2007)……………………………5

*McCready v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006)……………………………………..13

*Pennington v. HSBC Bank, USA, N.A., et al.*, 2012 WL 4513333 (5th Cir. Oct. 3, 2012)……..7

*Rao v. BP Prods. North America, Inc.*, 589 F.3d 389 (7th Cir. 2009)…………………….......5

*Ryan v. State,* 1999 WL 59982 (N.D. Ill. Feb. 3, 1999)………………………………………13

*Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. Appx. 741 (7th Cir. 2007)……………..4

*Travelers Indem. Co. of Illinois v. Farmer*, 2003 WL 22964375 (N.D. Ill. Dec. 16, 2003)….14

*Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429 (7th Cir. 1993)……………...13

*Walker v. S.W.I.F.T. SCRL,* 491 F. Supp. 2d 781 (N.D. Ill. 2007)……………………………10

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012)………………………………8

**State Cases**

*Dloogatch v. Brincat,* 920 N.E.2d 1161 (Ill. App. Ct. 2009)…………………………………5

*Fox Associates, Inc. v. Robert Half International, Inc.*, 777 N.E.2d 603 (Ill. App. Ct. 2002)………………………………………………………………………..8, 10

*HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145 (1989)…………......10

*La Throp v. Bell Federal Savings & Loan Assoc.*, 68 Ill.2d 375 (1977)…………………......14

*Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443 (Ill. 1982)……..........9

*Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84 (Ill. App. Ct. 2002)………………………8, 10

*Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951 (Ill. 2002)……………………10, 11

*Soules v. Gen. Motors Corp.*, 402 N.E.2d 599 (Ill. 1980)……………………………………..5

*Weidner v. Karlin,* 923 N.E.2d 602 (Ill. App. Ct. 2010)………………………………………5

**State Statutes**

205 Ill. Comp. Stat. § 635/1-4……………………………………………………………12

205 Ill. Comp. Stat. § 635/5-16…………………………………………………………..12

Defendant Wells Fargo Bank, N.A., including its division Wells Fargo Home Mortgage (collectively, "Wells Fargo"),[1] respectfully submits this memorandum in support of its Motion to Dismiss the Complaint ("Complaint") filed by Plaintiff Stephanie Watson ("Plaintiff").

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This case turns on the allegation that Wells Fargo instructed Plaintiff to miss a single monthly mortgage payment in order to be considered for a loan modification pursuant to the Home Affordable Modification Program ("HAMP"). Plaintiff alleges that she did, in fact, miss a payment (in November 2010) and was thereafter charged late fees and penalties and negatively reported to credit agencies. Plaintiff further alleges that on a single occasion in January 2011, Wells Fargo failed to pay her interest on a short payment held in an unapplied account. Based on these allegations, Plaintiff asserts seven causes of action against Wells Fargo.

Each of Plaintiffs' claims should be dismissed. **Wells Fargo has tendered full relief to Plaintiff** and, as a matter of law, her claims are now moot. The Seventh Circuit has held that "once the defendant offers to satisfy the Plaintiff's entire demand, there is no dispute over which to litigate." Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011). And, as here, where no motion for class certification has yet been filed, the entire action must be dismissed for want of subject matter jurisdiction. Id.

Even if this Court could exercise jurisdiction over this matter, Plaintiff has failed to plead viable claims. Not only has Plaintiff failed to set forth basic allegations such as the identity of the individual who instructed her to miss a payment or the basis of any duty owed to her by Wells Fargo, she alleges claims that are legally untenable. For example, Plaintiff's negligent

---

[1] Though service was not effectuated on Wells Fargo Bank, N.A., see Docket No. 7, Wells Fargo Bank, N.A. accepted service through counsel on November 16, 2012. Wells Fargo Home Mortgage is not a separate legal entity but rather a division of Wells Fargo Bank, N.A.

misrepresentation claim is barred by the economic loss doctrine, and the Residential Mortgage License Act of 1987 does not even apply to Wells Fargo, a national bank expressly exempted from the Act. Accordingly, the Complaint should be dismissed *with prejudice*.

## II. BACKGROUND

### A. Summary of the Complaint

Plaintiff was purportedly told by an unnamed Wells Fargo employee in October 2010 that, in order to be considered for a HAMP loan modification, she "needed to miss a mortgage payment." Complaint ¶ 28. Plaintiff thereafter failed to make her November 2010 payment and alleges thar she was unfairly charged late fees and penalties as a result. Id. at ¶¶ 28-29. In January of 2011, Plaintiff made an admittedly insufficient payment, which Wells Fargo held until she submitted sufficient funds to meet her outstanding payment obligations. Id. at ¶¶ 37-40. According to Plaintiff, she was owed but not paid interest on those funds while they were held, but unapplied. Id.

On October 25, 2012, Plaintiff filed this putative class action lawsuit. She seeks certification pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) of two separate nationwide classes. First, Plaintiff seeks to represent a class of "all persons who were instructed to miss mortgage payments by Wells Fargo as a prerequisite to getting a mortgage modification, and who were damaged thereby." Complaint ¶ 41. Plaintiff also seeks to represent an Illinois subclass of the same individuals as well as a separate nationwide subclass of those individuals whose instruction to miss payments came from "individuals licensed under the Illinois Mortgage License Act of 1987." Id. at ¶¶ 42-43. Second, Plaintiff seeks to represent a class of "all individuals who had funds held by Wells Fargo in an "Unapplied Funds" account, "Suspense"

account or similar account, and for whom the funds were not applied to the mortgage on the scheduled due date, and who received no interest payment on the unapplied funds." Id. at ¶ 44.

### B. Wells Fargo's Tender Of Full Relief

On Friday, November 16, 2012, without admission of any liability, Wells Fargo tendered full relief to Plaintiff in the amount of $10,000.00. See Exhibit A to the Declaration of Kenneth E. Rechtoris ("Rechtoris Decl."). This amount more than covers (i) all fees and penalties charged to Plaintiff's account from November 2010 to present, totaling $365.39 (see Complaint ¶¶ 28-30), (ii) any interest paid by Plaintiff as a result of her November missed payment; (iii) 21 days of interest at a rate of 10 percent, on the $2,002.63 of Plaintiff's funds that were purportedly held as unapplied in January 2011, totaling $11.52 (see id. at ¶¶ 37-40); (iv) all interest on the amounts noted in (i), (ii), and (iii) (utilizing a 10 percent interest rate, calculated from November 2010 to present); and (iv) an additional lump sum in excess of **20 times** the total foregoing calculable damages, to cover attorneys' fees, costs, and punitive damages. See Ex. A to Rechtoris Decl.; see also Declaration of Amanda Weatherly ("Weatherly Decl.") at ¶¶ 3-5. While "an interest in attorneys' fees is insufficient to create a case or controversy when none exists on the merits;" Breneisen v. Motorola, Inc., 656 F.3d 701 (7th Cir. 2011), and to the extent that the amount tendered did not cover all of Plaintiff's accrued attorneys' fees and costs, Wells Fargo alternatively tendered "reasonable attorneys' fees and costs in an amount to be determined by the Court." See Ex. A to Rechtoris Decl. In addition, Wells Fargo's tender stated that Wells Fargo would remove all negative credit reporting for the Plaintiff from November 2010 to present resulting from the missed payment. See id.; see also Complaint at ¶¶ 58, 82.

## III. ARGUMENT

### A. Plaintiff's Claims Are Mooted By Wells Fargo's Tender Of Full Relief And Thus This Court Lacks Subject Matter Jurisdiction

It is well established in the Seventh Circuit that "once the defendant offers to satisfy the Plaintiff's entire demand, there is no dispute over which to litigate" and, regardless of whether a plaintiff accepts or rejects the offer, the court no longer maintains jurisdiction. Damasco v. Clearwire Corp., 662 F.3d 891, 895 (7th Cir. 2011); see also Thomas v. Law Firm of Simpson & Cybak, 244 Fed. Appx. 741, 743 (7th Cir. 2007) ("rejecting an offer that would otherwise make him whole on the claim he brings, the plaintiff eliminates a legal dispute upon which federal jurisdiction can be based") (quoting Greisz v. Household Bank, 176 F.3d 1012, 1015 (7th Cir. 1999)); Holstein v. City of Chi., 29 F.3d 1145, 1147 (7th Cir. 1994). And, in a class action, if no motion for class certification has been filed as of the date of the tender, the entire action is mooted. See Damasco, 662 F.3d at 895-96 (dismissing class action for lack of jurisdiction after tender mooted named plaintiff's claims, holding that "[a]fter [defendant] made its offer, [plaintiff's] federal case was over"); Hernandez v. Peoplescout, Inc., 2012 WL 3069495, *2-3 (N.D. Ill. 2012) (Gettleman, J.) (dismissing class action for mootness after tender of full relief).

Here, full relief was tendered to Plaintiff on Friday, November 16, 2012, in the amount of $10,000.00. See Ex. A to Rechtoris Decl. Based on the allegations set forth in the Complaint, this tender covers any conceivable damages Plaintiff could hope to recover.[2] Under the circumstances, where full relief has been tendered and no motion for class certification has yet been filed, Plaintiff's claims are moot and this Court lacks jurisdiction over this matter. Dismissal is required pursuant to Rule 12(b)(1). See Damasco, 662 F.3d at 895 ("once the

---

[2] At Paragraph 73, plaintiff seeks disgorgement of the fees, penalties, and extra interest gained by Wells Fargo as a result of her missed November 2010 payment. Complaint ¶ 73. By definition, Wells Fargo's tender to plaintiff of an amount in excess of those alleged damages constitutes disgorgement.

defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake"); Hernandez, 2012 WL 3069495, at *2-3.

### B. The Complaint Fails To State Claims Upon Which Relief May Be Granted[3]

Plaintiff asserts two separate sets of claims, one which alleges that Wells Fargo misrepresented the requirements of HAMP by instructing her to miss a mortgage payment in order to be considered for eligibility, and one which alleges that Wells Fargo failed to pay Plaintiff interest on unapplied funds.

#### 1. Plaintiff's Misrepresentation Claims Fail.

##### *(a) Plaintiff Has Failed To State A Claim For Fraudulent/Intentional Misrepresentation*

The elements of a fraudulent misrepresentation claim are: (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance. Dloogatch v. Brincat, 920 N.E.2d 1161, 1166 (Ill. App. Ct. 2009) (quoting Soules v. Gen. Motors Corp., 402 N.E.2d 599 (Ill. 1980)); see also Weidner v. Karlin, 932 N.E.2d 602 (Ill. App. Ct. 2010). To survive a motion to dismiss, under Federal Rule of Civil Procedure 9(b), a plaintiff must allege the facts constituting fraud

---

[3] While it is axiomatic that the Court accepts as true all well-pled facts alleged in a complaint, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Jennings v. Auto Meter Prods., Inc., 495 F.3d 466, 472 (7th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). When reviewing a motion to dismiss, the Court must ask "whether the plaintiff has provided allegations that 'raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Rao v. BP Prods. N. Am., Inc., 589 F.3d 389, 398 (7th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Twombly, 550 U.S. at 570). Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense…. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-that the pleader is entitled to relief. Fed. Rule Civ. Proc. 8(a)(2).'" 556 U.S. at 677-78.

with particularity, including "the who, what, when, where, and how." Borsellino v. Goldman-Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007) ("This heightened pleading requirement is a response to the 'great harm to the reputation of a business firm or other enterprise a fraud claim can do.") (affirming Rule 9(b) dismissal).

Here, Plaintiff's fraud claim is wholly deficient pursuant to Rules 8(a) and 9(b). Plaintiff's entire story is comprised of the single, conclusory allegation that she was told by someone to miss a mortgage payment, and that Wells Fargo knew this instruction was a misrepresentation and intended for her to act upon it. See Complaint ¶¶ 23-32. Plaintiff does not allege who told her to miss a payment, the format of the purported representation (i.e., letter, phone, email?), when the representation was purportedly made, or any specificity with regard to the content and context of the alleged conversation. Id. The Complaint is also void of any allegations showing that Wells Fargo had any intention to induce action on Plaintiff's part, a necessary element of Plaintiff's claim. Rather, Plaintiff again makes the conclusory allegation that Wells Fargo "intended Plaintiff and Class Members to rely on these statements." Id. at ¶ 56. These allegations are conclusory in the extreme and this Court need not credit them on a motion to dismiss. See Iqbal, 556 U.S. at 678-79 ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusion"). Absent more than "labels and conclusions" and with no allegations demonstrating the "the who, what, when, where, and how" of Wells Fargo's purported fraud, Plaintiff's claim fails to satisfy the requisite pleading standards. See, e.g. Goren v. New Vision Int'l, Inc., 156 F.3d 721, 730 (7th Cir. 1998); Arriaga v. Wells Fargo Bank, N.A., 2011 WL 4738522, at *11 (N.D. Ill. Sept. 30, 2011) (dismissing fraud claim against Wells Fargo because "[c]onclusory allegations' that fail to set forth the time, place, and content of any alleged misrepresentations do not meet the requisite specificity under

Rule 9(b)"); see also Iqbal, 556 U.S. at 678 (complaint not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'"); Borsellino, 477 F.3d at 507.

Moreover, Plaintiff has failed to adequately plead damages, a necessary element of her claim. Specifically, Plaintiff alleges that she was charged penalties and late fees as a result of her missed payment, and that her credit was damaged. Complaint ¶¶ 29-30, 58. This is simply too speculative to sufficiently plead damages proximately caused by Wells Fargo's conduct. It also makes no sense. By her own admission, in order to be eligible to apply for HAMP, a homeowner must "actually be delinquent, or default must be reasonably foreseeable, and able to demonstrate financial hardship, including that the borrower has insufficient liquid assets to make the now-required monthly payments." Id. at 16(c). According to her own Complaint, at the time Plaintiff sought to apply for HAMP she necessarily had to be in default or imminently at risk of default; she had to have "insufficient assets" to make her payments any longer. Under such circumstances, it is axiomatic that Plaintiff would have defaulted and penalties and fees, and damage to her credit, was a foregone conclusion.

Indeed, the Fifth Circuit very recently addressed a HAMP-related negligent misrepresentation claim and exercised this reasoning in affirming dismissal:

> as a prerequisite of entering the [HAMP trial period plan], plaintiffs certified that they were unable to continue making their monthly payments. If they truly were unable to make the payments, they still would have fallen behind, accrued interest, suffered late charges, and owed addition[sic] payments on that interest. If the plaintiffs were able to make all their payments as they came due, they would have been ineligible for the HAMP program.

Pennington v. HSBC Bank, USA, N.A., et al., 2012 WL 4513333, at *5 (5th Cir. Oct. 3, 2012). Similar circumstances present themselves here. Plaintiff cannot both allege that she was an appropriate HAMP applicant, meaning that she was no longer able to pay, but also allege that she

suffered charges of penalties and fees as a result of Wells Fargo's conduct. (Similarly, because plaintiff was able to bring herself current and remain current after her apparently intentionally missed payment in November 2010, plaintiff would have been ineligible for the HAMP program.) By her own admissions, Plaintiff's default – and the accompanying fees and penalties – were forthcoming regardless of any conduct by Wells Fargo.

*(b) Plaintiff Has Failed To State A Claim For Negligent Misrepresentation*

To state a cause of action for negligent misrepresentation, Plaintiff must allege: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance; (6) when the party making the statement is under a duty to communicate accurate information. Fox Assoc., Inc. v. Robert Half Int'l, Inc., 777 N.E.2d 603, 606-07 (Ill. App. Ct. 2002); Prime Leasing, Inc. v. Kendig, 773 N.E.2d 84, 93-94 (Ill. App. Ct. 2002) (same).

(i) Plaintiff has failed to allege that Wells Fargo owed a duty.

To recover on this claim, Plaintiff must adequately allege that Wells Fargo had a duty to communicate accurate information to her. Fox Assoc., Inc., 777 N.E.2d at 606-07. The Complaint, however, does not contain a single allegation that Wells Fargo owed any duty to Plaintiff. Nor could it because the Seventh Circuit has expressly held that, "[l]ike the original mortgagor-mortgagee relationship itself, the relevant aspects of the HAMP servicer-borrower relationship do not bear the fiduciary-like hallmarks of a special trust relationship under Illinois law." Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 573 (7th Cir. 2012). Accordingly, Plaintiff's negligent misrepresentation claim fails on the face of the Complaint.

(ii) The economic loss doctrine bars the claim.

According to the Illinois Supreme Court, a plaintiff "cannot recover for solely economic loss" under a tort theory of negligence. Moorman Mfg. Co. v. Nat'l Tank Co., 435 N.E.2d 443, 453 (Ill. 1982). Rather, to recover in tort, "a party must show harm above and beyond a party's contractual or commercial expectations." Am. United Logistics, Inc. v. Catellus Dev. Corp., 319 F.3d 921, 926 (7th Cir. 2003). Here, Plaintiff's negligent misrepresentation claim arises from her commercial relationship with Wells Fargo as the servicer of her mortgage loan and she does not seek any non-economic damages. Complaint ¶¶ 29, 32 (damages alleged include fees and negative credit reporting). The economic loss doctrine plainly bars this claim.

Though an exception does exist where damages are "proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions," see Freedom Mortgage Corp. v. Burnham Mortgage, Inc., 720 F. Supp. 2d 978, 993 (N.D. Ill. 2010), Wells Fargo is not such a defendant. Rather, Wells Fargo, as alleged throughout the Complaint, acted as Plaintiff's mortgage servicer, a relationship involving the servicing of Plaintiff's mortgage loan by collecting and processing payments and addressing issues such as default, foreclosure and loan modifications. As such, Wells Fargo primarily provides services, not counsel or advice, and any information provided to Plaintiff is merely incidental to Wells Fargo's role as servicer. Such a relationship does not give rise to any exception to the Moorman doctrine. See Freedom Mortgage Corp., 720 F. Supp. 2d at 993.

Moreover, it is well established that under this exception to the Moorman doctrine, a plaintiff must allege that the defendant "is in the business of supplying information for the guidance of others in their business dealings." Id. at 608. Here, Plaintiff fails to make any allegations that Wells Fargo is in the business of supplying information for Plaintiff's guidance in her business dealings. Accordingly, no exception to the Moorman doctrine is applicable and

Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine. See Fox Assoc., 777 N.E.2d at 608 (dismissing negligent misrepresentation claim for failure to plead business information exception to Moorman doctrine); Prime Leasing, 773 N.E.2d at 95 (same).

*(c) Plaintiff Has Failed To State A Claim For Unjust Enrichment*

Under Illinois law, "to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege facts supporting the conclusion that the defendant unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the principles of justice, equity, and good conscience." Graczyk v. West Pub. Corp., 2009 WL 5210846, at *7 (N.D .Ill. Dec. 23, 2009) (Gettleman, J.) (quoting HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 131 Ill. 2d 145, 160 (1989)). If, however, "an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." Cleary v. Philip Morris Inc., 656 F.3d 511, 517 (7th Cir. 2011). Here, Plaintiff's claim for unjust enrichment centers on precisely the same conduct that forms the basis for her fraudulent and negligent misrepresentation claims. As such, this claim fails along with them.

*(d) Plaintiff Has Failed To State A Claim For Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act*

To state a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), a complaint must allege specific facts showing: (1) an unfair or deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of trade or commerce; and (4) that the deception proximately caused the plaintiff's injury. See Robinson v. Toyota Motor Credit Corp., 775 N.E.2d 951, 960 (Ill. 2002); Walker v. S.W.I.F.T. SCRL, 491 F. Supp. 2d 781, 794 -95 (N.D. Ill. 2007). When measuring unfairness, Illinois courts consider three factors: "(1) whether the

practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." Robinson, 775 N.E.2d at 960-61; G.M. Sign, Inc. v. Stergo, 681 F. Supp. 2d 929, 935 (N.D. Ill. 2009).

Here, nothing alleged by Plaintiff shows an intentional unfair or deceptive act by Wells Fargo. As discussed above, the Complaint contains nothing but a single conclusory allegation that Wells Fargo "intended" for Plaintiff to rely upon its representation. Complaint ¶ 56. Not only does such a bald assertion fail to satisfy Rule 8, but it certainly does not add up to conduct intentionally taken to defraud or deceive Plaintiff or otherwise satisfy the heightened pleading requirements applicable to ICFA claims. See, e.g., Greenberger v. GEICO General Ins. Co., 631 F.3d 392, 399 (7th Cir. 2011) ("[c]laims for violation of the Consumer Fraud Act are subject to the same heightened pleading standards as other fraud claims; as such, they must satisfy the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure"); Ibarolla v. Nutrex Research, Inc., 2012 WL 5381236, at *2 (N.D. Ill. Oct. 31, 2012) (dismissing ICFA claim where "facts alleged in this complaint are insufficient to state a claim under Rule 9(b)").

Moreover, Plaintiff has not alleged facts showing that Wells Fargo's conduct caused her actionable injury or damages. As noted above, all of the damages alleged by Plaintiff were costs she was destined to incur by her own admissions. See, e.g., Armbrister v. Pushpin Holdings, LLC, 2012 WL 4097219, at *8 (N.D .Ill. Sept. 17, 2012) (dismissing ICFA claim where "[p]laintiffs have not alleged actual damages, which is a required element of an ICFA claim").

*(e) Plaintiff Has Failed To State A Claim For Violation of the Residential Mortgage License Act of 1987*

Plaintiff alleges that Wells Fargo violated the Residential Mortgage License Act of 1987 ("RMLA") by "advis[ing] Plaintiff and Class Members to miss payments on their mortgage loans in order to qualify for refinancing." Complaint ¶ 87. Specifically, Plaintiff alleges that

Wells Fargo has violated an RMLA provision that states that "[a] licensee may not recommend or encourage default or the failure to make timely payments on an existing residential mortgage loan or other debt prior to and in connection with the closing or planned closing of a residential mortgage loan that refinances all or any portion of the existing loan or debt." See 205 Ill. Comp. Stat. 635/5-16; see also Complaint ¶ 86. This claim fails as a matter of law for two reasons.

First, the Complaint does not allege anywhere that Wells Fargo is a "licensee" within the meaning of the RMLA. Nor could it because the RMLA *expressly* exempts "[a]ny banking organization or foreign banking corporation licensed by the Illinois Commissioner of Banks and Real Estate or the United States Comptroller of the Currency to transact business in this State" and "any national bank." ILCS 205 § 635/1-4(d)(1)(i), (ii). Wells Fargo falls into both of these categories; it is both regulated by the United States Comptroller of the Currency ("OCC") and it is a national bank. See OCC's List of National Banks and Federal Branches and Agencies active as of 10/31/2012, available at http://occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html (listing Wells Fargo as a national bank and stating that "National banks and federal savings associations are chartered and regulated by the [OCC]").

Second, the provision of the RMLA upon which Plaintiff relies, i.e. 205 ILCS 635/5-16, prohibits conduct in the context of *refinancings*. See 205 ILCS 635/5-16 ("[a] licensee may not recommend or encourage default … *prior to and in connection with the closing or planned closing of a residential mortgage loan that refinances all or any portion of the existing loan or debt*") (emphasis added). The allegations in the Complaint, however, relate to Wells Fargo's purported instruction to default in the context of a potential loan modification. There is nothing in the Complaint that suggests anything related to a refinance transaction. For this additional reason, Plaintiff's RMLA claim should be dismissed.

### 2. Plaintiff's Unpaid Interest Claims Fail.

#### *(a) Plaintiff Has Failed To State A Claim For Breach Of Her Mortgage Contract*

Plaintiff's mortgage contract states that "[i]f each Periodic Payment is applied as of its scheduled due date, the Lender need not pay interest on unapplied funds." Complaint ¶ 33, Ex. 2. According to Plaintiff, Wells Fargo breached this provision by failing to pay her interest on certain unapplied funds. Id. at ¶¶ 36-40. But Plaintiff's own factual allegations do not support this theory. Indeed, Plaintiff admits that she made a payment to Wells Fargo on January 6, 2011 that was $300 short and that, as a result of her error, Wells Fargo held her insufficient payment of $2,002.63 in her account as "unapplied funds." Complaint ¶¶ 36-40. But Plaintiff does not allege facts to support her bald conclusion that those funds were held past their scheduled due date. See Id. at ¶ 35. To the contrary, the face of Plaintiff's note demonstrates that Plaintiff's scheduled due date for monthly payments is *the first of the month*. See Ex. B to Rechtoris Decl.[4] As such, by Plaintiff's own admission, Wells Fargo merely received and held insufficient funds until it received a full payment, at which time such funds were applied, *on January 27, 2011, prior to the scheduled due date of February 1, 2011*. No breach is implicated by this set of facts.

Moreover, Plaintiff's claim for breach of contract fails on its face. Notably, the only language quoted by Plaintiff in support of her claim is that which states "[i]f each Periodic

[4] Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims. Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); McCready v. eBay, Inc., 453 F.3d 882, 891-92 (7th Cir. 2006). Here, plaintiff's unapplied funds claims turn directly on the terms of her mortgage loan, including monthly payment deadlines. As such, plaintiff's note is central to her claim and this Court may consider it on a motion to dismiss. Further, plaintiff's note is self-authenticating pursuant to Fed. R. Evid. 902(9). See, e.g., Boim v. Quranic Literacy Inst., 340 F. Supp. 2d 885, 916 (N.D. Ill. 2004); Ryan v. State, 1999 WL 59982, *3 (N.D. Ill. Feb. 3, 1999).

Payment is applied as of its scheduled due date, the Lender need not pay interest on unapplied funds." Complaint ¶ 33, Ex. 2. But Plaintiff does not allege facts or any legal provision in the Mortgage sufficient to show that Wells Fargo was obligated to pay Plaintiff interest on her unapplied funds. See Mortgage, Complaint, Ex. 2. As such, this claim fails to state a claim for breach of contract because the contract itself does not require what Plaintiff suggests.

*(b) Plaintiff Has Failed to State A Claim For Unjust Enrichment*

"[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." Travelers Indem. Co. of Illinois v. Farmer, 2003 WL 22964375, *5 (N.D. Ill. Dec. 16, 2003) (quoting La Throp v. Bell Federal Savings & Loan Assoc., 68 Ill.2d 375 (1977)). Here, Plaintiff's unpaid interest claims are expressly premised upon Plaintiff's mortgage contract. See Complaint ¶¶ 33-35; 89-101. Accordingly, Plaintiff's unpaid interest claim for unjust enrichment (Count VII) is impermissible as a matter of law and should be dismissed. Travelers Indem. Co., 2003 WL 22964375, at *5 (dismissing unjust enrichment claim with prejudice "[b]ecause the entirety of plaintiff's complaint … appears to rely upon the express contract").

Moreover, glaringly absent from the Complaint is any allegation that the unapplied funds at issue *accrued* interest that Wells Fargo kept for itself. Rather, the Complaint solely alleges that Wells Fargo failed to *pay* interest to the Plaintiff. See Complaint ¶¶ 33-35; 89-101. Even if this allegation is true – which it is not – there are no allegations that Wells Fargo gained anything in the process. Absent any allegation that Wells Fargo *retained* some benefit, Plaintiff's claim for unjust enrichment fails. See Graczyk, 2009 WL 5210846, at *7 (unjust enrichment requires a plaintiff to "allege facts supporting the conclusion that the defendant *unjustly retained a benefit*") (emphasis added).

## IV. CONCLUSION

For each of the foregoing reasons, defendant Wells Fargo Bank, N.A. including its division Wells Fargo Home Mortgage, respectfully requests that the Court dismiss the Complaint with prejudice and award such other relief as the Court deems just and necessary.

Respectfully submitted,

WELLS FARGO BANK, N.A. and
WELLS FARGO HOME MORTGAGE,

By their attorneys,

*/s/ Kenneth E. Rechtoris*

Kenneth E. Rechtoris (Bar No. 6190285)
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827- 8000
kenneth.rechtoris@klgates.com

Irene C. Freidel (N.D. Ill. Bar No. 559051)
Jennifer J. Nagle (*pro hac vice to be filed*)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
irene.freidel@klgates.com
jennifer.nagle@klgates.com

November 20, 2012

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 20, 2012, I will electronically file the foregoing with the Clerk of the Court by using the CM/ECF system, which will then send a notice of electronic filing to all counsel or parties of record on the attached service list.

*/s/ Kenneth E. Rechtoris*
Kenneth E. Rechtoris

**SERVICE LIST**

**Case No. 1:12-cv-08578**

Christopher J. Werner
Myron M. Cherry & Associates
30 North LaSalle Street
Suite2300
Chicago, IL 60602
(312) 372-2100
Email: cwerner@cherry-law.com

*Counsel for Plaintiff*

Myron Milton Cherry
Myron M. Cherry & Associates
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
(312) 372-2100
Email: mcherry@cherry-law.com

*Counsel for Plaintiff*

Jacie C. Zolna
Myron M. Cherry & Associates
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
(312) 372-2100
Email: jzolna@cherry-law.com

*Counsel for Plaintiff*