IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE WATSON and LORI QUIST, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE,<br><br>　　　　　Defendants. | Case No. 1:12-cv-8578<br>(related to 12-cv-9433)<br><br>Judge: Charles R. Norgle, Sr.<br><br>Magistrate Judge: Sidney I. Schenkier |
| LORI QUIST, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE,<br><br>　　　　　Defendants. | Case No. 1:12-cv-9433<br>(related to 12-cv-8578)<br><br>Judge: Charles R. Norgle, Sr.<br><br>Magistrate Judge: Sidney I. Schenkier |

**PLAINTIFFS' CONSOLIDATED REPLY IN FURTHER
SUPPORT OF THEIR MOTIONS FOR LEAVE TO AMEND COMPLANT**

　　For their consolidated reply in further support of their Motions for Leave to Amend Complaint in these related actions (Doc. 39 in 12-cv-8578 and Doc. 18 in 12-cv-9433), Plaintiffs Stephanie Watson and Lori Quist (collectively, "Plaintiffs") state as follows:

　　1.　　Defendants offer no valid reasons for not allowing Plaintiffs to file an amended complaint and instead only complain that it is an "eleventh hour" request and that Plaintiffs have already filed prior complaints in these actions. Neither of these assertions is accurate, much less grounds for denying leave to amend a complaint at this stage in the litigation.

2.     First, the procedural posture of this case (*i.e.*, two separate lawsuits, both of which effectively are in suspended animation pending the determination of Plaintiff Watson's standing/mootness issue) is directly attributable to Defendants' attempt to buy off the original named plaintiff. That, in turn, called the filing of the first amended complaint into question and necessitated the filing of a second placeholder suit pending the resolution of the mootness issue. Consequently, the case has been delayed for several months and Plaintiffs current request to amend is much closer to noon than it is to midnight.

3.     Second, the prior complaints filed in these actions were necessary to preserve Plaintiffs' claims and those of the putative class members who they seek to represent. The overarching goal of Plaintiffs' request to amend is to have a single complaint govern the two identical actions, which will streamline all of the issues and require the briefing of a single motion to dismiss as opposed to the two overlapping and piecemeal motions to dismiss that are currently on file.

4.     Lastly, there is no Federal or Local rule requiring a plaintiff to submit a proposed amended complaint with a motion for leave to amend. To the contrary, the Seventh Circuit has held that "the motion itself may be acceptable so long as it puts the opposing party on notice of the content of the amendment." *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993), *citing* 6 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1485 (2d ed. 1990); *see also Covia Partnership v. Northwest Airlines, Inc.*, 1998 WL 102705, *5 (N.D. Ill. 1998) (" Covia's assertion that Northwest's motion should be denied because it failed to attach the amended complaint to its original motion also fails. *** Neither the Seventh Circuit nor this court has ever mandated such a rule."); *Rose v. Sullivan*, , 1996 WL 288518, *1 (N.D. Ill. 1996)

(holding that it is not necessary to submit a proposed amended complaint "when the motion itself puts the opposing party on notice of the content of the amendment.").

5. Here, Plaintiffs provided a description of their proposed changes in their motions for leave to amend sufficient to put Defendants on notice of the intended amendments. *See* Motions for Leave to Amend, ¶ 9 (Doc. 39 in 12-cv-8578 and Doc. 18 in 12-cv-9433). In any event, it is simply not possible at this juncture to submit a formal proposed amended complaint because the ultimate landscape of this case – and, therefore, the format of any amended complaint – is unknown and will continue to be unknown until the Court rules on whether Plaintiff Watsons' original claims are moot. It should also be noted that Plaintiff Quist – who has yet to file any amendments in her action – could have filed an amended complaint as of right under Fed. R. Civ. P. 15(a)(1). Doing so, however, would have only added further perplexity to these cases as it would have only applied to her action, not to the original action, and it is yet unknown how the two actions will proceed going forward. Again, the goal here is to streamline these proceedings and have *one* operative complaint for both actions.

6. For these reasons, the Court should permit Plaintiffs to file an amended complaint in the following manner: In the event the Court finds that Plaintiff Watson's claims are not moot (which it should), Plaintiff Quist agrees to voluntarily dismiss her action in 12-cv-9433 so that she can pursue her claims in 12-cv-8578, and Plaintiffs respectfully request the Court to allow an amended complaint to be filed in that action. In the event the Court finds that Plaintiff Watson's claims are moot, Plaintiff Quist requests the Court to grant the pending motion to consolidate 12-cv-9433 with 12-cv-8578 and permit the filing of a consolidated amended complaint in 12-cv-8578.

Dated: May 3, 2013

                _____/s/ Jacie C. Zolna_____
                Myron M. Cherry, Esq.
                Jacie C. Zolna, Esq.
                Myron M. Cherry & Assoc., LLC
                30 North LaSalle Street, Suite 2300
                Chicago, Illinois 60602
                Telephone: (312) 372-2100
                ***Attorneys for Plaintiffs and the Classes***

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that he served **Plaintiffs' Consolidated Reply In Further Support of Their Motions for Leave to Amend Complaint** upon:

| | |
|---|---|
| Kenneth E. Rechtoris | Irene C. Freidel |
| K&L Gates LLP | Kirkpatrick & Lockhart Preston Gates Ellis LLP |
| 70 West Madison, Suite 3100 | State Street Financial Center |
| Chicago, Illinois 60602 | One Lincoln Street |
| (312) 372-1121 | Boston, Massachusetts 02111 |
| kenneth.rechtoris@klgates.com | (617) 261-3100 |
| | irene.freidel@klgates.com |

via the electronic filing system, on the 3rd day of May, 2013.

_____/s/ Jacie C. Zolna_____